IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLBY I. MCCRAY,<br><br>                Plaintiff,<br><br>    vs.<br><br>DAVID SAMANI, M.D.; JERRY LOVELACE, Medical Director; TINA LENGER, Director of Nursing; and CHELSEY TYBURSKI, Nurse supervisor;<br><br>                Defendants. | 8:25CV615<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel, Filing No. 8, and Motion for Leave to Amend, Filing No. 9. For the reasons that follow, Plaintiff's Motion for Appointment of Counsel will be denied and his Motion for Leave to Amend shall be granted in accordance with this Memorandum and Order.

## I.  APPOINTMENT OF COUNSEL

First, Plaintiff requests the appointment of counsel due to his lack of legal knowledge and his indigency. Filing No. 8. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police*

*Dep't,* 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as, at this early stage of litigation, Plaintiff appears able to adequately present his claims and the Court has not yet conducted an initial review of Plaintiff's claims to determine whether this matter may proceed to service of process. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## II. LEAVE TO AMEND

Next, Plaintiff requests leave to amend his complaint "to incorporate relevant information such as Res ipsa loquitur doctrine to the claims of negligence, as well as include medical exhibits pages 5 and 6 that show medical staff were trying to cover up negligence of anchors or prior surgical repairs." Filing No. 9. Plaintiff attached the referenced "medical exhibits pages 5 and 6" to his motion. *See* Filing No. 9 at 2–3.

Rule 15 of the Federal Rules of Civil Procedure provides "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, this Court may freely grant Plaintiff leave to amend his Complaint at this early stage of the proceedings. However, Nebraska Civil Rule 15.1 provides that "[a] party who moves for leave to amend a pleading (including a request to add parties) must file as an

attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). In pro se cases, the Court may consider an amended pleading as supplemental to the original pleading. NECivR 15.1(b).

While Plaintiff has failed to comply with the local rules of this Court as he did not attach his proposed amended complaint to the Motion, this Court shall allow Plaintiff to file an amended complaint within 30 days from the date of this Memorandum and Order. Plaintiff must note an amended complaint will supersede, not supplement, the previously filed complaint. However, Plaintiff may incorporate by reference any previously filed exhibits attached to his Complaint, Filing No. 1, as well as the "medical exhibits pages 5 and 6" attached to his Motion for Leave to Amend rather than re-filing those exhibits. Plaintiff must include all of the claims he wishes to pursue against all of the individuals that he wishes to proceed against in his amended complaint. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when and where the defendant did it, and how the defendant's actions harmed him. Plaintiff is encouraged to use the form complaint enclosed with this order in amending his complaint. If Plaintiff fails to file an amended complaint by the appointed deadline, the Court will proceed with its initial review of Plaintiff's initial Complaint, Filing No. 1, and will consider the "medical exhibits pages 5 and 6," Filing No. 9 at 2–3, as supplemental to the Complaint.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Appointment of Counsel, Filing No. 8, is denied without prejudice to reassertion.

3

2. Plaintiff's Motion for Leave to Amend, Filing No. 9, is granted.

3. Plaintiff has through and until **February 9, 2026**, to file an amended complaint in accordance with this order. If Plaintiff fails to file an amended complaint or otherwise respond or seek an extension to do so prior to the expiration of the February 9, 2026, deadline, the Court shall perform an initial review of the claims set forth in Plaintiff's initial Complaint, Filing No. 1, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

4. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **February 9, 2026**: Check for amended complaint.

5. The Clerk of the Court is directed to send to Plaintiff the Form Pro Se 14 ("Complaint for Violation of Civil Rights (Prisoner)").

Dated this 8th day of January, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge